DORA WOERTHER ET AL., Appellants, v. CHARLES MILLER, ADMINISTRATOR, Respondent.

May 1, 1883.

1. HOMESTEAD. — A widow who had joined with her husband in a deed of trust cannot have homestead in the proceeds of a foreclosure sale, remaining after satisfying the debt.

2. JURISDICTION. — The probate court has no power to render a decree in equity assigning dower or homestead in land, or in money regarded as land, for equitable purposes.

8. ——— The circuit court cannot, in the exercise of original jurisdiction, assign dower in the personalty of an estate; nor can the parties confer such power.

APPEAL from the St. Louis County Circuit Court, ED-WARDS, J.

*Affirmed.*

A. MCELHINNEY, for the appellants.

R. H. STEVENS, JR., for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The plaintiff Dora Woerther was the widow of John Steinmetz, after whose death she intermarried with plaintiff, Henry Woerther. Defendant Charles Miller is administrator of the estate of Steinmetz.

This proceeding is an application to the probate court to set out to Dora Woerther dower and homestead in certain personalty of the estate, the proceeds of the sale of realty of which Steinmetz died seised. The probate court denied the application. On appeal to the circuit court the parties filed a stipulation in that court that all question of jurisdiction was waived; " and in case the court should be of opinion that Dora Woerther is not entitled to a homestead interest in the fund, then the court may proceed to determine the ultimate rights of the parties in the fund, without regard to the jurisdiction of the probate court therein."

The cause was then submitted to the circuit court upon an agreed statement of facts. The circuit court then rendered a decree that " the judgment of the probate court be in all respects affirmed, and the plaintiffs' petition, so far as it asks to have homestead in the fund set out, denied; but, under the stipulation of the parties and the waiver of jurisdiction of the probate court, the court finds Dora Woerther is entitled to a dower interest in the same fund,

of the present value of $190.60, and it is ordered that the defendant pay over to the said Dora Woerther that amount of the surplus fund in his hands, and that the judgment be certified to the probate court.''

The plaintiffs' alone appeal from this decree. It appears from the agreed statement of facts, that John Steinmetz died intestate, in February, 1879, seised in fee of two adjoining tracts of land, which he occupied as a homestead, and after his death his widow occupied the same by herself and her tenants. During his lifetime, Steinmetz and plaintiff Dora, then his wife, executed a deed of trust upon this homestead tract to secure certain notes made by Steinmetz. One of these notes was unpaid when Steinmetz died, and the trustee proceeded to a sale of the property according to the terms of the deed. The entire property was sold for $1,505, and after paying the debt and costs, there remained $841.15, which the trustee paid over to defendant, who was administrator of Steinmetz's estate. The estate is not finally settled. Plaintiff Dora was thirty-two years old on — day of ——, 1882. Debts to the amount of $2,100 have been proved against the estate. Seventy-five per cent of these debts have been paid out of other assets of the estate, and there will not be enough to pay all the debts of the estate without a resort to this surplus fund proceeding from the foreclosure.

It is quite clear that Mrs. Woerther cannot have homestead assigned to her in the money which was proceeds of the sale under the deed of trust executed by the husband and wife. It is the dwelling house and land, with the rents, issues, and products thereof, that are exempted by the statute. It is competent for the head of the family to sell or mortgage his homestead. If he sells it, the proceeds of a sale are not a homestead ( *Casebolt* v. *Donaldson*, 67 Mo. 308 ), and if he conveys it to a trustee to sell on failure to pay an indebtedness secured by the deed, and then dies, residing on the place with his family, and the property is sold by the

trustee according to the terms of the deed of trust, the homestead exemption does not attach to so much of the proceeds of the sale as remain after satisfying the debt secured and the costs of foreclosure. This follows necessarily from what is said by the supreme court in *Casebolt* v. *Donaldson*, cited above : " The homestead is a statutory right, a strictly legal right ; and while the statute should be liberally construed to effect its benign purposes, yet equitable principles, other than those recognized by the act, cannot be invoked by one claiming a homestead right." The court holds that, under the most liberal construction of the terms of the act, the money arising from the sale of the homestead cannot be considered homestead, as being " issues or products " of the land within the legislative intent.

But it is unnecessary to dwell upon this. The learned judge of the circuit court rightly held that homestead could not, in the case at bar, be assigned in the money paid to the administrator by the trustee after foreclosure, as proceeds of the sale after satisfying the secured debt and paying expenses.

There is an obvious inconsistency, however, in the decree of the circuit court, which at once affirms the judgment of the probate court, and renders another and totally different judgment which the probate court had refused. The application to the probate court had a double scope. It sought to have both homestead and dower assigned to a widow in a specific fund, proceeds of the sale of the land, upon some theory, it must be supposed, that this money was still land in the eyes of equity. The probate judge had no power to render a decree in equity to assign homestead, or to assign dower in land, or in money regarded as land for equitable purposes; In making an order of distribution of an estate, the probate court may direct the administrator to pay to the widow her dower in the personalty of the estate generally, to which she may be entitled by statute ; but except for so much as is the absolute dower of the widow, this

cannot be done, until it appears from the settlement that a fund remains after payment of debts.

The circuit court appears to have gone upon the ground that, as an appellate court, it might affirm the judgment of the probate court in this proceeding, and at the same time, in the same proceeding, as a court of original jurisdiction deriving its authority through the consent and submission of the parties, render a judgment assigning to the widow her dower in the proceeds of the sale of the land, assuming as a court of equity that the money was still to be regarded as land. This introduces confusion. The money received from the trustee, which would have gone to the grantor in the deed of trust, if living, goes into his estate as personalty, and it is to be regarded as personalty, by the administrator and the probate court. The widow, who, by joining in the deed and acknowledging it, has expressly relinquished her dower in the land, could have dower in the proceeds as personalty, only. But this dower in the personalty, the circuit court could not set out to her in an original proceeding, because the law gives to the probate court. exclusive original jurisdiction of the subject-matter; and, however the widow and the administrator might stipulate, they could not give to the circuit court original jurisdiction of a matter where its jurisdiction is only appellate. If this could be done, the greatest confusion would be introduced into the administration of estates, and the circuit court, in ignorance of the condition of the estate, might make a peremptory order of distribution conflicting with that which, on final settlement, and in view of all the facts, the probate court would be bound by law to make.

The judgment must be reversed. The circuit court, upon the agreed facts, should have simply affirmed the judgment of the probate court. The facts are before us, and it is our duty to render such judgment as the circuit court should have rendered. It is so ordered. All the judges concur.