B. J. Pearman, Plaintiff, v. J. T. McKee et al., Defendants; J. T. McKee, Interpleader, Appellant; F. S. Heffernan, Garnishee, Respondent.

St. Louis Court of Appeals, February 21, 1899.

Homestead: EXEMPTION: SECTION 5437, REVISED STATUTES 1889. The owner of a homestead, which has been mortgaged is entitled to that exemption in the value of the property over and above the mortgage debt, provided his claim is asserted in the statutory method prior to the foreclosure of the mortgage; but held, that the above right in no wise entitles the owner to an exemption in the surplus proceeds of a mortgage sale of the homestead.

*Appeal from the Greene Circuit Court.*—HON. JAMES T.
NEVILLE, Judge.

AFFIRMED.

W. G. ROBERTSON and GEO. PEPPERDINE for appellant.

Homestead exists in equity of redemption. State ex rel.
v. Mason, 88 Mo. 222. Debtor may mortgage or sell excess of
homestead to creditor and still have homestead in what re-
mains. Grimes v. Cortman, 99 Mo. 229. With the home-
stead or the proceeds arising from the same creditors have noth-
ing to do. They can reach it neither at law nor in equity.
And the debtor can commit no fraud as to them by any dispo-
sition he may make of it. Davis v. Land, 88 Mo. 436; Hart
v. Lute, 104 Mo. 315; Bank v. Guthrey, 127 Mo. 189. The
owner of a homestead, which is not liable to execution for a
debt against him can convey it to a purchaser who will take it
exempt from the same liability. Holland v. Kreider, 86 Mo.
59; Kendall v. Powers, 96 Mo. 142. An execution debtor
is entitled to claim his exemptions out of funds paid into court
by his debtor as garnishee under an execution. Marchildon
v. O'Hara, 52 Mo. App. 523. Debtor has the right to have
incumbrance taken into consideration in determining home-
stead. R. S. 1889, sec. 5437. Property or money in the pos-
session of a trustee under a deed of trust is not subject to
attachment or garnishment by creditors of the grantor in the
deed of trust. Young v. Schofield, 132 Mo. 651; Woodson v.
Carson, 135 Mo. 521.

HEFFERNAN & HEFFERNAN for appellee.

The interpleader is not entitled to the surplus of money
arising at the trustee sale. Because the interpleader
had failed to claim his homestead at the proper
time and manner. Because the law does not confer

a homestead right in anything but land, not in money, the proceeds of th♙ sale of land. Casebolt v. Donaldson, 67 Mo. 308; McGuire v. Wilkenson, 72 Mo. 202; Woerther v. Miller, 13 Mo. App. 569; Hubbard v. Gottberg, 54 Mo. 274. If the interpleader had instructed the sheriff to lay off his homestead (and then paid off the deed of trust) and the sheriff refused to do so, the sheriff would be liable on his bond. State v. Mason, 15 Mo. App. 142. The acceptance of the amount of money found due the interpleader and paid into court by the respondent is full accord and satisfaction of the claim or judgment. Grumbly v. Webb, 48 Mo. 562.

BOND, J.—J. T. McKee executed a deed of trust to F. S. Heffernan to secure a debt of $642. The deed was dated in 1887 and conveyed the homestead of the grantor. In March, 1898, an execution on a judgment for $1,118 against McKee, was presented to him for payment. He replied to the sheriff that he (McKee) had no property subject to levy, whereupon the sheriff returned the execution without a levy. About this time the trustee at the request of the holder of the note sold out the property conveyed to him, realizing upon such sale enough to pay the debt secured and a balance of $1,475. McKee claimed this as exempt, being the proceeds of a sale of his homestead, against a garnishment on the aforesaid judgment, which was served upon the trustee. The foregoing facts were set up in an interplea filed by McKee under the order of the court made after the answer of the garnishee praying an interpleader. The garnishee demurred to said interplea. His demurrer was sustained. The interpleader declining to plead further, judgment was rendered dismissing his interplea, whereupon he appealed to this court.

The sole question presented is whether or not the owner of a homestead, who has mortgaged it, is entitled to recover the

EXEMPTION.

surplus proceeds of a sale under the mortgage to the extent of the statutory limitation of the

value of a homestead? Under the law of this state the owner of a homestead which has been mortgaged is entitled to that exemption in the value of the property over and above the mortgage debt, provided his claim is asserted in the statutory method prior to the foreclosure of the mortgage. R. S. 1889, sec. 5437; State ex rel. v. Mason, 88 Mo. 222. It has, however, been expressly decided that the above right in no wise entitles the owner to an exemption in the surplus proceeds of a mortgage sale of the homestead. Casebolt v. Donaldson, 67 Mo. 308; Woerther v. Miller, 13 Mo. App. 567. This is the case we have before us. We must therefore hold that there was no error in the ruling of the trial court, and its judgment is affirmed. Judge Bland concurs; Judge Biggs dissents.