HENRY ELSTROTH et al., Appellants, v. WILLIAM R. YOUNG, Administrator, Respondent.

**St. Louis Court of Appeals, February 13, 1900.**

1. **Homestead: MORTGAGED: EQUITY OF REDEMPTION TO HOMESTEADER, WHEN.** A homesteader may mortgage his homestead and his rights under the homestead law remain and attach to the equity of redemption, and if the right is asserted prior to the foreclosure of the mortgage he will be entitled to hold the surplus arising at a foreclosure sale not to exceed the value of the homestead.

2. ———: ———: ———: **MINORS.** While it is the rule that adults in order to hold their homestead rights in the equity of redemption, must make claim therefor prior to foreclosure, minors are protected without such claim, for the reason that upon the death of their father the statute vests in them a homestead estate in the equity of redemption during their minority.

3. ———: ———: **LEGAL REPRESENTATIVES.** Unquestionably the ordinary meaning of the words "legal representatives" is executor or administrator, but they may be used in a broader sense and may mean heirs, as in this case.

Appeal from the Lincoln Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

REVERSED AND REMANDED (*with directions*).

*Martin & Woolfolk* and *Geo. T. Dunn* for appellants.

Real estate and the proceeds thereof are assets in the hands of an administrator for the payment of debts. McPike v. McPike, 111 Mo. 216-227. In Governor v. Chouteau, 1 Mo. 731, the land of deceased was sold under execution after his death. (Such sales authorized by laws of 1825, sec. 1, pp. 362, 363 and 364.) There was a surplus of $420 which was

paid to the administrator, and the court held that it was assets of the estate and he liable on his bond therefor. Abbott v. Miller, 10 Mo. 141; State ex rel. v. Schell, 47 Mo. 84; Dix v. Morris, 66 Mo. 514. And so are rents collected by the administrator assets of the estate in his hands. Gamble v. Gibson, 59 Mo. 585; Dix v. Morris, 66 Mo. 514; Lewis v. Carson, 93 Mo. 587; Tyler v. Priest, 31 Mo. App. 272. It was not necessary to get an order of sale because the land had already been sold and the proceeds in the hands of the defendant administrator. Tyler v. Priest, 31 Mo. App. 284. It matters not that Dickmeyer while living had a homestead in the land. It was a homestead created prior to the amendment of the homestead law by act of 1895. He was the owner of the land and the head of the family and as such had the right to mortgage, sell or otherwise dispose of it without the consent of any member of his family. Green v. Mayer, 114 Mo. 145; Kopp v. Blessing, 121 Mo. 398. Exercising this right and power he did make and execute the deed of trust under which the land was sold, and in it directed that in case of sale, the surplus, if any, should be paid to him or his legal representatives. Such a direction is a disposition of the surplus by Dickmeyer, and a disposition which he had the right to make. Price v. Blankenship, 144 Mo. 204. The amendment of 1895 (Laws of 1895, p. 186), does not change the homestead estate of the widow and minor children from that given by the law of 1875 except to limit the estate of the widow to her widowhood. The statute as amended continues the homestead of the husband as under the law of 1875 in the widow and minor children until the majority of the children, and then in the widow until her death or remarriage. The fee which it attempts to create in the heirs of the husband, does not come into being until the termination of the homestead estate, but after that estate has ceased to exist. So that the homestead estate of the widow and minor chil-

dren is the same as under the law of 1875, and subject to the same construction; and under it as under the law of 1875, a sale of the homestead under a mortgage or deed of trust, destroys all right of homestead as taking away that which makes a home (the land) and makes the surplus personal estate, subject to the mortgagor's debts. Casebolt v. Donaldson, 67 Mo. 308; Woerther v. Miller, 13 Mo. App. 567; Pearman v. McKee, 79 Mo. App. 210.

*Norton, Avery & Young* for respondents.

(1)   We have no contention with appellant's attorneys that if an administrator receives the proceeds of real estate belonging to the estate or rents from such real estate, it shall pass to and become the property of those persons upon whom the law would cast the property, had the donor died seized of it; the term therefore means heirs, as here used. Ewing v. Shannahan, 113 Mo. 188; Ware v. Bryant, 5 Mo. 147; Insurance Co. v. Armstrong, 117 U. S. 597; Brown v. Long, 89 Ill. 20.   (2)   Our statutes (sec. 5435), provides "that the homestead of every housekeeper or head of a family, consisting of dwelling house, etc.," and thus limiting the homestead in area or value, "shall be exempt from attachment and execution, etc."   This is the provision as long as the housekeeper or head of the family owns the same, but section 5439 of the homestead law uses entirely different language, as follows: "If any such housekeeper or head of the family shall die leaving a widow or any minor children, his homestead to the value aforesaid, shall pass to and vest in such widow and children."   (5)   Now in the case of Hufschmidt v. Gross, 112 Mo. 649, the supreme court makes this distinction: "The first section of the homestead law exempts the dwelling house, etc., used by said housekeeper or head of the family, as such homestead from attachment and execution; thus far the stat-

ute is simply one of exemption but the other section provides that if any such housekeeper or head of the family shall die leaving a widow or any minor children his homestead to the value aforesaid shall pass to and vest in such widow and children and continue for their benefit without being subject to the payment of the debts of the deceased, etc.   (4)   This section makes the homestead not merely a right of exemption, passing to and vesting in the widow and children without being subject to the payment of the debts of the deceased." The same section speaks of this interest which is to pass to the widow and minor children as an estate.   Hufschmidt v. Gross, 112 Mo. 656; Bryant v. Roads, 96 Mo. 486.   And if the court will read the case of Hufschmidt v. Gross, they will find that the court there decided that the minor children were entitled to an interest in the proceeds of the homestead after the same had been sold and passed into the hands of the administrator and had been distributed.

. BIGGS, J.—The defendant Young is the administrator of the estate of Fritz Dickmeyer, who died in 1896.   At the time of his death he was the head of a family and occupied as a homestead a certain farm in Lincoln county.   He left surviving him four minor children.   The defendant was appointed curator of their estates.   Dickmeyer had mortgaged his homestead, and the mortgage debt was unpaid at his death. Subsequently the land was sold under the mortgage, and after paying the incumbrance and the costs of sale, there was a surplus of the proceeds of sale amounting to $1,767.36.   On July 23, 1897, the trustee in the deed of trust paid this surplus to Young.   The latter made his first annual settlement of the estate of Dickmeyer in October, 1897.   He failed to charge himself in the settlement with the amount received from the trustee.   The settlement as rendered showed a balance in his hands of $66.54.   The plaintiffs herein hold allowed de-

mands against Dickmeyer's estate.   They presented a petition
in the probate court praying that Young, as administrator, be
charged with the surplus, and that the court order its distribu-
tion among the holders of fifth class demands.   Young claimed
that the money belonged to his wards as owners of the home-
stead.   The probate court made the order of distribution.
The circuit court on appeal dismissed the proceeding on the
ground that the probate court had no jurisdiction in the
premises.   On appeal to this court (78 Mo. App. 651), we
held that the circuit court should have heard the case on its
merits.   On a retrial in the circuit court the foregoing facts
were shown, and the further fact, that prior to the sale under
the deed of trust the minor children had asserted their claims
under the homestead law.   The circuit court found the issues
for the defendant, and the plaintiffs have again appealed.

It was decided by the supreme court in State ex rel. v.
Mason, 88 Mo. 222, that a homsteader may mortgage his
homestead and that his rights under the homstead law will
remain and attach to the equity of redemption, and that if
the right is asserted prior to the foreclosure of the mortgage,
he will be entitled to hold the surplus arising under a fore-
closure, not in excess of the value of the homestead.   But
under the decision in Casebold v. Donaldson, 67 Mo. 311, if
he fails to make such claim prior to the foreclosure sale, he
forfeits his right to the surplus, which was followed by
this court in Pearman v. McKee, 79 Mo. App. 210.   In
such a case the supreme court seems to treat the right of the
homesteader in the equity of redemption as a mere exemption
right.   The facts in the case at bar bring it within the rule
of these decisions, for it is in evidence that the children
asserted their homestead rights prior to the sale under the
mortgage.   But aside from that the homestead rights of the
minors would have been protected without such claim, for
the reason that upon the death of their father the statute

vested in them a homestead estate in the equity of redemption during their minority. As to them the homestead right was not merely a right of exemption, but became a vested estate. (Sec. 5439, R. S. 1889; Hufschmidt v. Gross, 112 Mo. 649; West v. McMullen, 112 Mo. 405.) Under all the decisions the children are entitled to the use of the fund in controversy until they reach their majority, unless the contention of plaintiff's counsel, which we will now notice, is well founded.

The deed of trust provided for a sale of the premises if there should be a default as to the debt, and in case of such sale it directed the surplus (if any) to be paid to Dickmeyer, "or his legal representatives." The contention of plaintiff is that by the voluntary act of Dickmeyer the contingent homestead rights of his minor children were cut off by the direction in the deed of trust to pay the surplus to his (Dickmeyer's) legal representatives, to wit, his executor or administrator. Unquestionably the ordinary meaning of the words "legal representatives" is executor or administrator, but the term may be used in its broader sense and may mean heirs. (Ewing v. Shannahan, 113 Mo. 188.) We think that the use of the word in its more extended meaning should be adopted in the present case. It would be a forced and unreasonable conclusion that by the execution of the deed of trust Dickmeyer intended, in case of his death, to deprive his minor children of their homestead rights in the equity of redemption.

For the foregoing reasons we hold that the children of Dickmeyer during their minority are entitled to the usufruct of $1,500 of the money in the hands of the defendant. But we can conceive of no good reason for the retention of this money by the guardian. It would be to the interest of all parties to have the matter finally adjusted. We are therefore of the opinion that the judgment should be reversed and the cause remanded, with instructions to the circuit court to

ascertain and deduct from the funds in the hands of the defendant the present value of the homestead interest of the children, and that the remainder be ordered distributed among the creditors of Dickmeyer, the costs of the appeal to be taxed equally against the parties. It is so ordered. All concur.