## HOUF, Appellant, v. BROWN and SHENKLE.

### Division One, December 24, 1902.

1. **Homestead:** VALUATION OF MORTGAGED PROPERTY. In estimating the value of property for the purpose of setting off a homestead, the amount of any mortgage debt thereon, and interest, should be deducted from the value of the property. When the property is mortgaged the homestead is to be assigned in the equity of redemption.

2. ———: EXTENT BEYOND DWELLING HOUSE. If the dwelling house is on the forty acres covered by a mortgage, and that mortgage is foreclosed, the homestead does not extend beyond that forty if the land was worth $1,500 over and above the amount of the mortgage debt. And if such mortgage is foreclosed, the homestead right in such case is extinguished. But if the value of that forty was not equal to the mortgage debt plus $1,500, then the foreclosure did not extinguish the homestead, but it extended to other land embraced in the homestead tract.

3. ———: ———: FORECLOSURE OF MORTGAGE. The homestead covers the whole tract embraced in the homestead if the whole is not worth $1,500 above the mortgage debt on that part thereof where the dwelling house is, and a foreclosure of that mortgage does not, in such case, affect the homestead in the rest.

4. ———: ABANDONMENT: SALE FOR HOMESTEADER'S DEBTS. The widow can not affect the homestead right of the minor children by withdrawing her objection to a sale, for the payment of her husband's debts, of the land covered by the homestead.

5. ———: SETTING OFF. The court should not appoint commissioners to set off the homestead to the widow and minor children, at the request of one who has bought the land at an administrator's sale for the husband's debts, if the evidence shows that the homestead covered the whole tract.

6. ———: ABANDONMENT: SALE FOR DEBTS: ESTOPPEL. The failure of the widow to prosecute her petition for allotment of her homestead, and her withdrawal of objections to a proceeding in the probate court to sell a part of the homestead for her husband's debts, and her bidding on the land at such sale, can not impair the homestead rights of her minor children, and in a suit in ejectment founded on the theory that there is no existing homestead, such action on her part does not, on the ground of estoppel, justify a decree for plaintiff, although such minor children are not made parties.

Appeal from Livingston Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*Sheetz & Sons* for appellant.

Judgment was based on the Powell Case, 157 Mo. 151. In accordance with this opinion the court held that plaintiff had no title to the premises sued for and could not recover. The cases of Broyles v. Cox, 153 Mo. 242, and In re Powell, 157 Mo. 151, have been overruled. Keen v. Wyatt, 160 Mo. 1; New Madrid v. Brown, 165 Mo. 38. Under these decisions plaintiff acquired a title to the land in suit, even though they were part of the homestead, and as the evidence showed that the value of the forty acres on which the dwelling house was located exceeded the sum of fifteen hundred dollars, plaintiff should have had judgment for the premises sued for. A defendant in ejectment can not claim under the homestead act land exceeding in value the statutory limit. Blandy v. Asher, 72 Mo. 36. If the homestead did not exceed the statutory value at the death of Kile, yet if the value thereof had increased at the time of the trial so as to be worth more than the statutory limit, plaintiff was entitled to recover the excess. Beckner v. Rule, 91 Mo. 64. And commissioners

should have been appointed to set out any homestead right defendant, Shenkle, may have had. The court may in ejectment, brought for the premises by the purchaser at sheriff's sale, cause the homestead to be assigned. Crisp v. Crisp, 86 Mo. 630; Bunn v. Lindsey, 95 Mo. 258. When the tract wherein the dwelling house was located was sold under the deed of trust, the homestead was extinguished therein and consequently there could be no homestead in the premises in suit. This deed of trust having been placed on the land by the husband and wife, constituted a prior lien to the interest of the minor children and widow, and when foreclosed the homestead was extinguished. Ailey v. Burnett, 134 Mo. 313; Markwell v. Markwell, 157 Mo. 532. The sale under the trust deed severed the homestead, and the remaining lands could not be used or claimed as a homestead. True v. Morrill, 28 Vt. 672; Matney v. Linn, 54 Pac. 670.

*W. D. Leeper* and *F. H. Sparling* for respondents.

(1) The action of ejectment is grounded on a right to immediate possession. Kingman v. Sievers, 143 Mo. 519. (2) A life estate is good to resist the action of ejectment. Bryan v. Wear, 4 Mo. 106; Beal v. Harmon, 38 Mo. 435. (3) Plaintiff must show in himself a legal interest and a possessory title. Robbins v. Eckler, 36 Mo. 494; Beal v. Harmon, 38 Mo. 435; Foster v. Evans, 51 Mo. 39. (4) The widow and minor children are entitled to a homestead until the youngest child becomes of age, and until the death of the widow. R. S. 1899, secs. 3616, 3620. (5) A mother of minor children can not dispose of their homestead. Rogers v. Meyers, 84 Mo. 520. (6) The widow and minor children are entitled to a homestead regardless of whether or not the decedent left any debts. Freund v. McCall, 73 Mo. 343. (7) The substantive right of the children in the homestead can not be divested by any act of the father's creditors or of the probate court.

Vol 171, mo—14.

Plate v. Koehler, 8 Mo. App. 396; Schneider v. Hoffman, 9 Mo. App. 280. (8) Contiguous tracts of land, constituting one farm, will be regarded as a homestead, although only one tract is occupied as a residence. Grimes v. Portman, 99 Mo. 229; Perkins v. Quigley, 62 Mo. 498. (9) The purchase on execution of property in use by the judgment defendant as a homestead does not pass the title subject to the intervening estate of homestead. Macke v. Byrd, 131 Mo. 682; Ratliff v. Graves, 132 Mo. 76; Lallement v. Poupeny, 15 Mo. App. 577.

VALLIANT, J.—Ejectment for thirty acres of land in Livingston county. The land belonged to Elias Kile in his lifetime, and the plaintiff claims title under a deed from the administrator of Kile's estate. Kile died in 1887, leaving a widow, now Emily Shenkle, defendant, and several minor children. Emily claims that the land in suit was part of the homestead of her late husband and exempt from sale for his debts as such.

The cause was tried by the court, jury waived.

The evidence shows that Kile died, owning but little personal property, which was by the probate court assigned to the widow under section 252, Revised Statutes 1899. He owned at his death about eighty acres of land, on which he resided as his homestead. Before his death he and his wife executed a deed of trust covering forty of this eighty acres, to secure a debt of $200. The forty acres so incumbered contained his dwelling house. After his death that deed of trust was foreclosed, and at the sale the widow became the purchaser. There were some small debts proven up and allowed in the probate court against the estate and the public administrator took charge of it. The administrator filed a petition in the probate court for authority to sell the thirty acres of land now in question to pay debts. The thirty acres were not a part of the forty included in the deed of trust above mentioned. The court made the order for the sale of the land. Ap-

praisers were appointed, who appraised it at $600, and the administrator advertised and sold it in a body for $110 to the plaintiff.

The abstract is not very clear as to the amount of the debts or what showing in that respect the administrator made in his petition for authority to sell the land. We gather with some degree of uncertainty that there were but two debts proven and allowed and they were for $22.20 each and that they had either been paid or purchased by the widow before the administrator filed his petition, and that there was really nothing but costs of the administration due. However, in view of other facts in the case, that is not very material.

The widow filed objections in the probate court to the petition, but she finally withdrew her objections, and consented that the petition to sell the land be granted and it was so ordered. The order was not to sell the land subject to the homestead, but it was for an absolute sale of all the title which Kile owned at his death. The testimony showed that the widow was present at the sale, and made a bid on the land, but the plaintiff's bid was the highest and it was knocked off to him.

The plaintiff in his own behalf testified that the forty acres covered by the deed of trust was at the date of the trial worth $40 or $45 an acre, the thirty in suit was worth $30 or $35 an acre, the smaller tract $10 or $15 an acre. In 1887 the land was not worth so much, the forty acres about $35, the thirty acres about $30, the eight acres $15 to $25.

The defendant testified that the forty acres were worth $20 an acre, the thirty acres about $15, and the eight acres about $5.50. That after she bought the forty acres under the deed of trust she built a new house on it, and that has increased the value. The abstract does not show what the forty acres sold for at the trustee's sale.

There was a finding and judgment for the defendant, and the plaintiff appeals.

The theory which the appellant seeks to establish,

and on which he bases his right to recover, is thus stated in the brief of his learned counsel:

"The plaintiff based his right of recovery on the following propositions: That the sale of the homestead proper under the deed of trust extinguished the homestead rights of the widow and children of Elias Kile in all his lands, because the land on which the dwelling house was located was conveyed by said sale, and there could be no homestead in the remainder of the lands without the family dwelling or 'family roof tree;' that if this proposition was untenable, the plaintiff was the owner of the premises by virtue of his purchase at the sale by the administrator of the estate of Elias Kile deceased, subject to the homestead rights, if any therein, of the widow, and that the court under the evidence should appoint commissioners to set off said right; and that the defendant, Shenkle, having filed her petition in the probate court praying that a homestead be set out to her in all the lands of her deceased husband, abandoned it and purchased the land sold under the deed of trust, and procured the sale of the premises in suit to pay allowed demands against his estate, which she owned, bid at the sale by the administrator and made no claims at any time of any right to said land, and permitted plaintiff to buy and pay for the same without any objection on her part, was estopped from asserting any claim thereto."

There were several instructions asked by the plaintiff and refused, the refusing of some of which is assigned as error, but the foregoing summary of the plaintiff's legal propositions embraces all the points covered by those instructions.

The forty-acre lot on which the dwelling stood was incumbered for $200 principal, upon which interest had accumulated, making the sum when the foreclosure occurred, $300. In estimating the value of the property for the purpose of setting off the homestead the amount of that incumbrance is to be deducted. When the property is mortgaged the homestead is to be assigned in the equity of redemption. [Sec. 3618, R.

S. 1899; State ex rel. v. Mason, 88 Mo. 222; Meyer v. Nickerson, 101 Mo. 184.]

If, therefore, the value of the forty-acre lot containing the dwelling house was worth as much as $1,500 over and above the incumbrance, the homestead did not extend beyond the limits of that lot, and in that case when the foreclosure occurred, if it was all fair and honest, the homestead was extinguished.

But on the other hand, if the whole eighty acres were not worth more than $1,500 over and above the incumbrances, then the homestead covered the whole farm and the foreclosure sale did not destroy the homestead right over the rest of the land. The homestead once acquired continues until lost by the act of the party or parties entitled to it. There has been no indication of abandonment of the homestead in this case. The widow has been instant all the while in asserting her right to the homestead over the whole eighty acres. Even if the withdrawal of her objections to the petition of the administrator for authority to sell the land could be construed as an intention to abandon her claim of homestead over it, it was not in her power to impair the rights of her minor children. It would be mere conjecture to undertake to account for the widow's action in withdrawing her objections to the sale. The evidence seems to indicate that at that time if there were any debts due against the estate they were very insignificant in amount and had been assigned to her, and from that fact she may have thought that she would have control of the sale or that the sale would be made subject to the homestead right; but that she intended to release any hold she had either for herself or her children, there is nothing in the record to indicate, but everything to the contrary.

What was the value of the whole farm? The plaintiff testified that the forty-acre lot was worth $40 or $45 an acre, the thirty acres $30 or $35, and the eight acres $15 or $25. Yet the appraisers valued the thirty-acre tract at $600 and the plaintiff bought it for $110. We can not account for the price at which the land was

struck off to the plaintiff except on the theory that it was supposed that he bought subject to the homestead right of the widow and minor children and that his possession would begin when their estate ended.

The defendant's evidence was that the forty acres were worth $20, the thirty $15, and the eight $5.50. She said that the thirty acres cost her husband $200 when he bought it.

The value of the land was one of the issues of fact in the case, the court found for the defendant, and we are satisfied that the finding was correct, that the whole eighty acres were not worth over $1,500 and that it was all embraced in the homestead of the intestate.

Appellant contends that if the court found that there was a homestead in the land, it should have appointed commissioners to mark it out and should have given plaintiff judgment for the balance. Section 3624, Revised Statutes 1899, confers authority on the court whenever it becomes necessary in any proceeding at law or in equity to mark out the homestead, to appoint commissioners for that purpose and have it done. But there was no necessity for that proceeding in this case. The homestead covered the whole eighty acres and there was nothing left to be set off to the plaintiff.

Appellant construes the action of the widow in not prosecuting her petition for allotment of her homestead in the probate court, and in abandoning her objections to the administrator's petition, and in bidding at the sale as creating an estoppel against her. Even if these acts did create an estoppel as to her they could not impair the rights of her minor children, and although the children are not parties to this suit, yet the outstanding title in them is sufficient to defeat the plaintiff's action for possession of the land. But as above indicated, we do not think the acts constitute an estoppel even as against the widow. The plaintiff was not misled to his disadvantage by anything the widow did. His evidence shows that she tried to pay him not to bid on the land, but in spite of her solicitation he did so.

We think the learned judge who tried this case, had the right view of all the questions. The judgment is affirmed. All concur.