T. J. GORMAN et al., Respondents, v. THOMAS B. HALE, Administrator, Appellant.

Kansas City Court of Appeals, November 7, 1904.

1. HOMESTEAD: Joint Tenancy. In Missouri there may be homestead in real estate owned and occupied in joint tenancy.

2. ———: Quarantine: Minor's Interest. Notwithstanding the widow's right of quarantine, she can not deprive the minor children of their interest in the homestead and they are entitled to the rents and profits up to their majority.

3. ———: Dower: Minor's Interest. Whatever force in the suggestion that the minors can not recover rents and profits until the homestead is ascertained, it can have no effect where the homestead right covers the whole land in controversy.

Appeal from Schuyler Circuit Court.—*Hon. Nat M. Shelton*, Judge.

AFFIRMED.

*C. C. Fogle* for appellant.

(1) The widow had no homestead in this tract of land. Thurston v. Maddox, 6 Allen 427; Wolf v. Fleischacker, 5 Cal. 244; Reynolds v. Pixley, 6 Cal. 165; Kellesberger v. Copp, 6 Cal. 565; Ward v. Huhn, 16 Minn. 159; West v. Ward, 26 Wis. 580; Lozo v. Sutherland, 3 Mich. Law 218; Ventress v. Collins, 28 La. Ann. 783. (2) The widow had quarantine. Waller v. Mardus, 29 Mo. 27; Orrick and wife v. Pratt, 34 Mo. 226; Smith v. Stephens, 164 Mo. 415; Miller v. Talley, 48 Mo. 503; Whaley v. Whaley, 50 Mo. 582; Brown v. Moore, 74 Mo. 633; Gentry v. Gentry, 122 Mo. 202; Roberts v. Nelson, 86 Mo. 21; Melton v. Fitch, 125 Mo. 281; Carey v. West, 139 Mo. 176; Jones v. Manly, 58 Mo. 559. (3) This quarantine or possessory right is assignable. Stokes v. McAllister, 2 Mo. 163; Kam v. McCowan, 55 Mo. 181; Jones v. Manly, 58 Mo. 559-564; Brown v. Moore, 74 Mo. 633; Melton v. Fitch, 125 Mo. 281-290; Carey v. West, 139 Mo. 146-176. (4) The assignee became possessed of all the rights the widow had in her quarantine and all incidents belonging to it prior to its transfer. Same authorities as in No. 3. (5) The petition states no cause of action. Young v. Downey, 145 Mo. 261; Hynes v. Ecker, 34 Mo. App. 650.

*Higbee & Mills* for respondents.

(1) The conveyance by the widow, Jane Gorman, does not defeat the right of the minor children to recover the value of the rents and profits of the homestead during their minority. Phillips v. Presson, 172 Mo. 24; Hufschmidt v. Gross, 112 Mo. 649. (2) The head of a family may have a homestead in lands held in common. Clark v. Thias, 173 Mo. 628. (3) The probate court had jurisdiction of the demand. Hoffman v. Hoffman, 126 Mo. 486.

ELLISON, J. — James and Patrick Gorman (brothers) owned each an undivided half of sixty-three acres of land in Schuyler county upon which they resided together. James married and three children, the present plaintiffs, were born. Patrick continued his joint occupancy. James afterwards died and the widow bought Patrick's undivided interest. She afterwards sold all her right, title and interest in the land to defendant Ratchford and one Probasco, and the latter afterwards sold his interest to Ratchford, leaving the latter the full owner of the widow's interest in the whole tract. The widow afterwards married and left the premises, taking with her the plaintiffs who were all three then minors, the youngest yet a minor when this action was begun. Ratchford took possession of the land after the widow left and remained till his death. These plaintiffs then presented the present claim in the probate court as their action against defendant as administrator, they claiming a right of homestead and asking the allowance, for each, for the rents of the land up to the time the adults reached majority and for the minor. The probate court allowed the claim and so did the circuit court on appeal.

We find that the circuit court in sustaining the claim of plaintiffs is supported by the ruling of the Supreme Court. The defendant contests the plaintiffs' right on the ground that there can not be a homestead in real estate occupied in joint tenancy. As pointed out by defendant's counsel this has been the ruling in many States, but with us the homestead right is supported in such case. A recent case by Judge Fox has so determined the law. Clark v. Thias, 173 Mo. 628.

Defendant then next contends that the widow has quarantine free of rent in the husband's lands occupied at his death, that this right is superior to dower and homestead until they be assigned, and that it may be sold, so that the grantee will stand in the widow's place. Authorities are cited in support of this view. But the

Supreme Court, in a late case, has expressly ruled that, notwithstanding the widow's right of quarantine and dower, yet the minor children have an interest in the homestead of which she could not deprive them, and that they were entitled to the rents and profits up to their majority. Phillips v. Presson, 172 Mo. 24.

It is suggested that the rights of the minors should not begin until the homestead was ascertained by being set off to them (Gentry v. Gentry, 122 Mo. 202), but whatever force there may be in such suggestion can not affect the present case, since it appears there were but sixty-three acres in the farm and only one-half of that claimed as homestead under the deceased father.

The judgment must be affirmed. All concur.