**In re Ronald Ray GALVIN & Sandra Welch Galvin, Debtors.**

**Bankruptcy No. 93–41281–W–13.**

United States Bankruptcy Court, W.D. Missouri.

Sept. 13, 1993.

Rick Fink, Chapter 13 Trustee.

Frances L. Suarez, Prairie Village, KS, for debtors.

---

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtors filed their petition for relief in April of 1993, and the Trustee filed objections to the claimed homestead exemption of $8,000.00. The reason for the objection was that debtors were not the fee simple owners, instead holding title under a contract for deed with Balboa Mortgage Company. Said objections were timely filed and the issues have now been submitted to the Court upon pleadings, briefs and the statements of counsel.

The evidence is not clear precisely when the contract for deed was executed because the Court has only seen an unsigned draft copy but it clearly had to be sometime in 1992, probably around May 28, 1992, because the Court has also seen a duly recorded Memorandum of Contract For Deed which was filed for record with the Recorder of Deeds for Jackson County, Missouri, on July 15, 1992. The Trustee does not contend the parties are not residing in the premises, nor does he contend that they are occupying same in any fashion other than as the principal residence of the family. It is merely his contention that technically a homestead in the State of Missouri depends upon warranty deed fee title ownership rather than ownership under some arrangement such as a contract for deed. Presumably, had the parties entered into the more common Missouri transaction of receiving a warranty deed and giving back to the seller a promissory note and deed of trust, the Trustee would have no problem. It is the form of the transaction, not the substance of it which bothers him.

The Missouri Revised Statutes, § 513.475 provides that:

the homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of $8,000.00, which is or shall be used by such person as a homestead, shall, together with the rents, issues and products thereof, be exempt from attachment and execution.

Many of the cases concerning homesteads are extremely old. However, they have not been overruled and the Court believes them to still be good law. Repeatedly Missouri Courts have said that homestead laws are not in derogation of the common law and, therefore, should not be strictly construed but should be construed with great liberality. See *Prouty v. Hall,* Mo.App. 31 S.W.2d 103 (1930) and cases following including *Brewington v. Brewington,* 211 Mo. 48, 109 S.W. 723 (1908). However, the cases do go on to say that although the homestead laws are to be construed liberally, the liberality should not go past the purpose of the enactment and it must not dispense with the necessity of parties bringing themselves within the spirit and purpose of the laws, all unaided by judicial construction.

*Regan v. Ensley,* 283 Mo. 297, 222 S.W. 773 (1920).

Although the Court has not been able to find a case specifically holding that a homestead may be claimed in property held under the auspices of a contract for deed, there are some cases which tend to shed some light on the question. For example, the case of *State ex rel Sligo Iron Store Co. v. Mason,* 88 Mo. 222. That case holds that a debtor may claim a homestead in the equity of redemption in the real estate which he is using as his home. Also the Supreme Court of the State of Missouri has held that the head of household may have a homestead right in property in which she has only an undivided interest in common. See *Clark v. Thias Public Administrator, et al.,* 173 Mo. 628, 73 S.W. 616 (Sup.Ct.Mo.1903). To similar import see *Gorman v. Hale,* 109 Mo.App. 176, 82 S.W. 1110 (1904) wherein the Court of Appeals held that a homestead may be claimed in lands held in joint tenancy. Or see *Murdock v. Dalby,* 13 Mo.App., pg. 41 (St. Louis Ct. of App.1882) holding that there may be a homestead in a life estate and that a fee simple is not required.

From the foregoing cases together with the liberal construction to be afforded the homestead statute, this Court believes that a homestead may be claimed in real estate which is owned under a contract for deed rather than a warranty deed. Obviously the other requirements of homestead: occupancy, use as a residence, et al., are not waived and must be construed separately. However, if all of those requisite elements are present and the only question is does the ownership have to be a fee simple conveyed by warranty deed, the answer is held to be no.

Finally, there is a policy argument which should be recognized. The purpose of bankruptcy is to afford the honest but unfortunate debtor a "fresh start" in his economic journey through life. *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). To deny debtors the benefit of the far from munificent homestead allowance in Missouri, would seem to oppose the general policy an-

nounced above. There is no hint of chicanery here in either the acquisition or attempted retention of the family home. Debtors have an equitable interest in the real estate as well as a possessory interest.

For all of these reasons, the objections of the Trustee are DENIED. Debtors may claim a homestead in the property where they reside and which they hold title to by virtue of being parties to a contract for deed.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.