**REMAX OF BLUE SPRINGS,
Appellant,**

**v.**

**VAJDA & CO., INC. and Steven
Vajda, Respondents,**

**Anna Vajda and Andrew
Vajda, Intervenors.**

**No. WD 37301.**

Missouri Court of Appeals,
Western District.

April 29, 1986.

Patrick B. Starke, Blue Springs, for appellant.

David M. Byrn, Blue Springs, for intervenor Anna Vajda.

David P. Hargrave, Kansas City, for intervenor Andrew Douglas Vajda.

Before LOWENSTEIN, P.J., and TURNAGE and BERREY, JJ.

LOWENSTEIN, Presiding Judge.

The judgment creditor, Remax, appeals from an order quashing execution. There is no dispute as to the facts. Since this case was court tried, review is under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

In 1976 Anna Vajda (mother) sold stock and used the proceeds along with other funds to buy a lot on which she built a duplex in Blue Springs, Missouri. Her son Steven, without compensation, acted as general contractor for construction of the duplex. The property is titled in the names of Anna, Steven and Andrew (also Anna's son) as joint tenants. In 1985 Remax obtained a default judgment for $7,168.70 against Steven in the Jackson County Circuit Court. Remax sought execution on Steven's interest in the real estate in question. Anna and Andrew intervened. At the hearing on their motion to quash the execution on Steven's interest, they testified Anna supplied the funds to build the duplex. Anna lived in the duplex and collected rents on the other unit. Anna testified she never intended to give her sons any present interest in the property but meant only for them to take an interest in the property upon her death. Anna believed the value of the property is now more than $82,000.

In entering the judgment the trial court held Anna to be the equitable owner and determined Steven had no financial interest in the property. Therefore, Remax as a judgment creditor could not execute on the property to collect Steven's debt. The court relied on *Glauert v. Huning*, 290 S.W.2d 126 (Mo.1956) and *Nieman v. First National Bank of Joplin*, 420 S.W.2d 20 (Mo.App.1967).

*Glauert* was a suit brought by a husband's heirs to determine title to real estate in them as against the wife's heirs. Title to the property was held by both the husband and wife. At his death, the husband's will gave the wife a life estate in the property and provided the real estate would pass to his heirs upon her death. At her death, the wife's will gave the property to her heirs. Relying on abundant evidence as to the husband and wife's agreement and understanding the property would pass to his heirs, the Supreme Court upheld title in the husband's heirs. *Nieman* involved an unsuccessful attempt by a judgment creditor to garnish a joint bank account in the name of a mother, who contributed all of the funds to the account, and her judgment-debtor son.

The issue here is whether a judgment creditor may levy against a joint tenant's interest in real estate where the other joint tenants claim he has no present interest or his interest is of no value. Neither *Glauert* nor *Nieman* is controlling as to this issue.

The judgment against Steven operated as a lien on any real estate owned by him in the county of judgment. § 511.350, RSMo Supp.1986; Rule 74.34.

Appearing under the chapter on Executions, § 513.010, RSMo 1978, defines real estate as "all estate and interest in lands." Section 513.090, RSMo 1978 provides all real estate of which the defendant is seized, either in law or equity, at the time of rendition of a judgment may be sold upon execution. This statute has been construed to allow levy of execution upon any interest in land that may be conveyed, including vested or contingent remainders. *Ragan v. Looney*, 377 S.W.2d 273, 281 (Mo. 1964); *Kay v. Politte*, 344 Mo. 805, 129

S.W.2d 863, 865 (Mo.1939). Section 513.-430, RSMo Supp.1986, provides no exemption from execution for the property here in question.

 At common law a joint tenant may convey his interest, making that interest subject to execution. *Mangus v. Miller*, 317 U.S. 178, 183, 63 S.Ct. 182, 184–185, 87 L.Ed. 169 (1942). Joint tenancy is based on the theory that the tenants share one undivided estate, with the distinctive characteristic of the right of survivorship. Upon the death of any one of the joint tenants, the entire estate goes to the survivors, and so on to the last survivor, who attains sole ownership and exclusive possession. *In re Gerling's Estate*, 303 S.W.2d 915, 917 (Mo.1957); *In re Estate of King*, 572 S.W.2d 200, 211 (Mo.App.1978). A joint tenancy can be destroyed by conveyance or partition by one or more of the joint tenants during the lifetime of the cotenants. *In re Estate of King, supra*, at 211. A conveyance by a cotenant destroys the unity of title and converts the joint tenancy into a tenancy in common insofar as the interest of the particular joint tenant is concerned. W. Eckhardt and P. Peterson, *Possessory Estates, Future Interests and Conveyances in Missouri*, 23 V.A. M.S. 1, 37 (1952). Partition, whether voluntary or involuntary, converts the joint tenancy into ownership in severalty. *Id; see also Estate of Osterloh v. Carpenter*, 337 S.W.2d 942, 946 n. 1 (Mo.1960).

 Steven could have conveyed his interest or he could have sued for partition. He stands with nothing less than legal title to the real estate. His interest as judgment-debtor was not beyond the reach of an execution. *Eneberg v. Carter*, 98 Mo. 647, 648, 12 S.W. 522, 523 (1889). The trial court's determination that Steven could retain his interest and avoid a judgment creditor because he had no financial interest in the property is simply incorrect. The fact that possession by him might be delayed or that sole ownership is contingent upon Steven surviving the other joint tenants does not divest him of alienable title subject to execution. *Jones v. Cox*, 629 S.W.2d 511, 514 (Mo.App.1981).

For the sake of argument, even if Steven's interest as a joint tenant were deemed to be nominal, it would still be subject to execution. *Burton v. Kennedy*, 63 Vt. 350, 21 A. 529, 530 (1891). Any execution purchaser would take as against Anna and Andrew only such interest as he derived from Steven. *Jones v. Hubbard*, 193 Mo. 147, 162, 90 S.W. 1137, 1141 (1906). Such an execution on Steven's interest would sever the joint tenancy, which would be converted into a tenancy in common as to Anna and Andrew's interests. *Frederick v. Shorman*, 259 Iowa 1050, 147 N.W.2d 478, 484 (1966).

The judgment of the trial court is based upon a misapplication of law and is reversed. Costs are assessed against the intervenors.

All concur.