In the Matter of Kathy Ann GLASS, Debtor.

Charles E. RUBIN, trustee, Plaintiff,

v.

Kathy Ann GLASS and Susan Combs, Defendants.

No. 87–03685–3.

Adv. No. 88–0434–3.

United States Bankruptcy Court, W.D. Missouri, W.D.

July 29, 1988.

Jerald S. Meyer, Barker, Rubin & Sonnich, Kansas City, Mo., for plaintiff.

Paul Niewald, Ryan E. Karaim, Niewald, Waldeck, Norris & Brown, P.C., Kansas City, Mo., for defendant Combs.

Richard Wallace, Evans & Mullinix, P.A., Kansas City, Mo., for debtor/defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL DECREE AND JUDGMENT DECLARING DEBTOR TO HAVE A ½ INTEREST WHICH PASSED TO THE TRUSTEE IN THE SUBJECT PROPERTY AND DENYING TRUSTEE'S REQUEST FOR SALE OF INTEREST OF CO-OWNER

DENNIS J. STEWART, Chief Judge.

Plaintiff trustee in bankruptcy sues to recover property which he contends is property of the estate, to-wit, an undivided ½ interest in excess of the homestead exemption in the debtor's residential property, which is jointly owned by the debtor's mother, Susan Combs. The action came on before the court for hearing on July 12, 1988, at which time the parties submitted the action to the court for determination on the basis of a stipulation of facts, which was filed in this action on July 12, 1988. That stipulation of facts is incorporated herein by reference as the court's findings of fact pursuant to Bankruptcy Rule 7052. As material, the facts there stipulated are to the effect that the property in question was purchased in about 1970 by Susan Combs and her husband; that, on May 15, 1980, Susan Combs' husband died; that, thereafter, on or about May 26, 1981, Susan Combs deeded the property to herself and her three children as

joint tenants; that, on or about May 20, 1983, the property was transferred to Susan Combs and Kathy Ann Glass as joint tenants with the right of survivorship; that "(t)his transfer was made solely for estate planning purposes, and there was no consideration paid by Kathy Ann Glass"; that, following the 1983 revision for estate planning purposes, defendant Combs has made the mortgage payments on the property out of her own funds; that "Kathy Glass currently lives on the property in question and has paid defendant Combs for each and every month she has resided on the property"; and that "mortgage payments are presently around $200.00 per month."

Based on these facts, the trustee contends that title to the property, at least as to an undivided ½ interest, is in Kathy Glass and that that same title passed to the bankruptcy estate on the date of bankruptcy pursuant to section 541 of the Bankruptcy Code. State law, as the parties both assert, controls the issue of what becomes property of the estate as of the date of bankruptcy. Plaintiff contends that the legal title of a portion of the property is in the debtor, Kathy Ann Glass. Defendants contend that the beneficial interest, however, by reason of the doctrine of "resulting trust," is in Susan Combs. When the "legal title to property is placed in one and the purchase price is furnished by another, and it would be inequitable to allow the legal title holder to claim the beneficial interest (,) (t)he legal titleholder is said to hold the same in a resulting trust for the one who provided the purchase money." *Woodworth v. Mauk*, 614 S.W.2d 308, 311 (Mo.App.1981). A "resulting trust" exists "where a purchase has been made and the legal estate is conveyed or transferred to one party, but the purchase price is paid by another party." *Parker v. Blakely*, 93 S.W.2d 981, 988 (Mo.1936). Under this doctrine, the defendant Combs contends that the trustee cannot recover; that "(i)t is undisputed that Kathy Ann Glass paid nothing to Susan Combs in order to have her name placed on the title to the real estate in question"; that "the transfer was made solely for estate planning purposes";

that "Susan Combs and her husband through their efforts created what equity exists in the property"; and that therefore "whatever interest Kathy Ann Glass holds in the property, she holds in trust for her mother." As the trustee asserts, however, in order for the doctrine of resulting trust to apply, the facts which give rise to the doctrine must exist at the time of the transfer or the giving of the deed. "A resulting trust must arise, if at all, at the instant the deed is taken. Unless the transaction is such that the moment the title passes the trust results from the transaction itself, then no trust results. It cannot be created by subsequent occurrences." *Dallas v. Dallas*, 670 S.W.2d 535, 539 (Mo.App.1984). "A resulting trust, as distinguished from an express trust, is one implied by law from the acts and conduct of the parties and the facts and conduct of the parties and the facts and circumstances which at the time exist and attend the transaction out of which it arises." *Dougherty v. Duckworth*, 388 S.W.2d 870, 874 (Mo.1965). And, according to the facts stipulated in this case, the claim of a resulting trust does not arise out of the facts attending the transfer of the property to defendants as joint tenants, but rather upon payment of the mortgage payments by Susan Combs thereafter. Accordingly, under the authority of *Dallas v. Dallas, supra,* and *Dougherty v. Duckworth, supra,* the contention of resulting trust must be rejected. See also *Long v. Kyte*, 340 S.W.2d 623, 627 (Mo.1960).

The debtor next contends that, even if Kathy Ann Glass is, in fact, "a legal joint owner of the property in question, the Court should determine the value of her interest"; that, under Missouri law, "when a creditor wishes to execute upon jointly held property, it is incumbent upon the creditor to establish contribution of the particular tenant who is the debtor of the creditor to the property held by joint tenancy." Debtor relies upon *Nieman v. Bank of Joplin*, 420 S.W.2d 20, 23 (Mo.App.1967), the effect that "the creditor of one joint depositor who, in fact, has no financial investment in the account, may not invade

it to collect his judgment." This rule, as applicable to the action at bar, takes a little different form than that which was enunciated under the particular facts of the *Nieman* case, *supra*. See *Rotert v. Faulkner*, 660 S.W.2d 463, 470 (Mo.App.1983), to the effect that "the interests of joint tenants are presumed to be equal, although disproportionate contributions by one may be shown to establish a different interest ... Absent proof by a party claiming the interests of joint tenants are unequal, the presumption of equal ownership will prevail." There is nothing in the stipulation which has been filed by the parties to establish with any certainty that Susan Combs' share of the property is greater than that of Kathy Ann Glass or that they are anything but equal. It is said that Combs makes the mortgage payments of $200.00 per month but that Kathy Ann Glass pays rent, in an unstated amount, to Combs each and every month. The stipulation does not present any information from which the court could determine the precise amount of the Combs contribution as compared with that of Kathy Ann Glass. The presumption therefore must prevail and this court must therefore find that the interests are equal.

In his within complaint, finally, the trustee requests leave of court to sell both the debtor's interest and that of Susan Combs under the provisions of section 363(h) of the Bankruptcy Code. That section provides that the trustee "may sell both the estate's interest ... and the interest of any co-owner in property" but "only if" (1) partition is impracticable; (2) sale of the estate's interest in the property would "realize significantly less for the estate than sale of such property free of the interests of such co-owners"; (3) "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners"; and (4) "such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." According to the stipulation which has been filed, the parties agree that conditions (1) and (2), *supra*, are met in the case at bar,

and that condition (4) is inapplicable. But the stipulation contains no statement or showing that condition (3) is met, namely that "the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any, to such co-owners." The court cannot base its judgment in this respect on speculation. Accordingly, the court at this point has no choice except to deny the request to sell the co-owner's interest.

In accordance with the foregoing, accordingly, it is hereby

ORDERED, ADJUDGED AND DE-CREED that the debtor Kathy Ann Glass had a ½ interest in the real property which is the subject of this action and that interest passed to the bankruptcy estate as of the date of bankruptcy. And it is further

ORDERED, ADJUDGED AND DE-CREED that the trustee's within prayer for a sale of the property of the co-owner according to section 363(h) be, and it is hereby, denied.