**Susan COMBS, Appellant,**

v.

**Charles E. RUBIN, trustee, Appellee.**

**No. 88–0969–CV–W–9.**

United States District Court,
W.D. Missouri, W.D.

June 15, 1989.

Jerald S. Meyer, Barker, Rubin & Sonnich, Kansas City, Mo., for appellee.

Ryan E. Karaim, Niewald, Waldeck, Norris & Brown, Kansas City, Mo., for appellant.

## ORDER REMANDING FOR LIMITED ADDITIONAL FACTUAL DETERMINATION JUDGMENT OF BANKRUPTCY COURT DECLARING DEBTOR TO HAVE A ONE–HALF INTEREST IN CERTAIN REAL PROPERTY

BARTLETT, District Judge.

Appellant Susan Combs, mother of the debtor in bankruptcy, appeals from the United States Bankruptcy Court's [1] July 29, 1988, judgment declaring that the debtor holds a one-half interest in certain real property. 92 B.R. 880. Appellant contends that the debtor holds no interest in the property at issue.

### Standard of Review

This court has jurisdiction pursuant to 28 U.S.C. § 158(a). Bankruptcy Rule 8013 provides that on appeal the district court "may affirm, modify, or reverse a bankruptcy court's judgment, order or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given the opportunity of the bankruptcy court to adjudge the credibility of the witnesses." The Advisory Committee Notes state that Rule 8013 accords to the findings of a bankruptcy judge the

---

1. Dennis J. Stewart, Chief Bankruptcy Judge, Western District of Missouri.

same weight given the findings of a district judge under Rule 52, Federal Rules of Civil Procedure.

A finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). The court further stated:

> If the district court's account of the evidence is plausible in light of the record reviewed in its entirety, the Court of Appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.

*Id.*, 105 S.Ct. at 1511–12.

The district court must independently determine questions of law or mixed questions of law or fact. *In re Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir.1980); *In re Hammons*, 614 F.2d 399, 403 (5th Cir. 1980). The bankruptcy court's conclusions of law are freely reviewable on appeal. *Clay v. Traders Bank of Kansas City*, 708 F.2d 1347, 1350 (8th Cir.1983).

## Background

The parties submitted a stipulation of facts to the bankruptcy court and the stipulation was incorporated by reference as the bankruptcy court's findings of fact pursuant to Bankruptcy Rule 7052. The stipulation in its entirety is as follows:

1. Charles E. Rubin is the duly qualified and acting Trustee herein.

2. Kathy Ann Glass, defendant herein, is the debtor in the above-captioned bankruptcy proceeding.

3. Susan Combs, defendant herein, is the 60–year–old mother of the debtor.

4. Susan Combs and her husband purchased some real estate and a home [in] approximately 1970, which they utilized as their place of residence. That real estate is described as:

> All that part of Lot 19, HIGHVIEW, beginning 147 feet South of the Southeast corner of 24th Street and Denver; thence East to the East Line of said Lot 19; thence South 33 feet; thence West to the East line of Denver Avenue; thence North 31 feet to the point of beginning, a subdivision in Kansas City, Jackson County, Missouri.
>
> Subject to all easements, restrictions, reservations and covenants, if any, now of record.

5. Mr. and Mrs. Combs made mortgage payments continuously following the date of their purchase of the above described property.

6. On May 15, 1980, Mr. Combs died.

7. Following the death of Mr. Combs, defendant Combs became sole owner of the property in question.

8. On or about May 26, 1981, defendant Combs deeded the above described real estate to her three children and herself as joint tenants for the sole purpose of avoiding probate and ensuring that the property would pass to her children upon her death. There was never any consideration paid to Susan Combs by her children for the deed revision.

9. Shortly after the May 26, 1981 deed revision for estate planning purposes, two of Susan Combs' children became divorced. As a result, the names on the Missouri Deed of Trust were no longer accurate, and Susan Combs and her three children agreed that it would be best for all parties involved to revise the deed once again.

10. On or about April 1, 1982, the real estate was deeded back to Susan Combs. There was no consideration transferred between the parties for this transfer of title.

11. On or about May 20, 1983, the deed was revised one more time. This time title was deeded to Susan Combs and Kathy Ann Glass as joint tenants with the right of survivorship.[2] This trans-

---

**2.** Missouri permits joint tenancies to be created by conveyance from the owner of the property to himself and another. *Creek v. Union Nat.*

fer was made solely for estate planning purposes, and there was no consideration paid by Kathy Ann Glass.

12. Following the 1983 revision for estate planning purposes, defendant Combs has made the mortgage payments on the property out of her own funds.

13. Kathy Glass presently lives on the property in question and has paid defendant Combs rent for each and every month she has resided on the property. The debtor Kathy Glass has not made any mortgage payments.

14. Mortgage payments are presently around $200.00 per month.

15. Equity in the home is presently approximately $35,000.00, and can be determined with more specificity if necessary.

16. The property in question is a residence and partition in kind between the estate and the co-owner is impracticable.

17. Sale of the estate's undivided interest in said property would realize significantly less for the estate than a sale free and clear of the interest of defendant Susan Combs.

18. Said property is not used for the purposes listed in 11 U.S.C. § 363(h)(4).

On these facts the bankruptcy judge concluded that the debtor Kathy Glass had a one-half interest in the real property at issue and that the interest passed to the bankruptcy estate as of the date of bankruptcy.[3] The bankruptcy judge also rejected Combs' contention that Glass's beneficial interest by reason of a "resulting trust" was held by Susan Combs. Finally, the bankruptcy judge rejected Combs' argument that Glass had no interest in the property because Glass had not contributed to its purchase price.

On appeal, Combs argues that the bankruptcy court erred 1) by finding that Glass, and thus the trustee, had a one-half interest in Combs' property, 2) by finding no resulting trust existed and, alternatively 3) assuming a joint tenancy existed by finding that Glass's contributions were equal to

*Bank in Kansas City,* 266 S.W.2d 737, 752 (Mo. 1954).

Combs' contributions thus finding the two women *equal* co-owners.

*Discussion*

The trustee in bankruptcy can sell property only when the estate has an interest in such property. 11 U.S.C. § 363(h). The interest of the estate is derived through the debtor pursuant to 11 U.S.C. § 541(a)(1) which states that any legal or equitable interest the debtor holds in property at the time of filing the bankruptcy petition becomes property of the estate. However, the nature of the interest is determined by non-bankruptcy state law. *In re Livingston,* 804 F.2d 1219, 1221 (11th Cir.1986). Therefore, the question on appeal is whether under Missouri law the debtor had any ownership interest in the property in question.

Appellant asserts that under Missouri law the intention of the parties is the principal controlling factor in determining whether or not a joint tenancy in certain property is created. Thus, because she now contends that neither she nor her daughter intended to transfer a *present* ownership interest on May 20, 1983, appellant urges reversal of the bankruptcy court's judgment.

The stipulation provides that "[t]his transfer was made solely for estate planning purposes, and there was no consideration paid by Kathy Ann Glass." ¶ 11. It is unclear whether this statement means 1) that Combs intended to transfer a valid present interest to Glass so that Glass would, in fact, be a joint tenant holding an undivided one-half interest in the property and would receive by survivorship Combs' interest in the property upon Combs' death without the necessity of probate or 2) that Combs did not intend to transfer any present interest to Glass but believed (erroneously) that executing a deed purporting to make Glass a joint tenant in 1983 would permit Combs' 100 percent interest to pass from Combs to Glass upon Combs' death.

3. The bankruptcy judge also denied the trustee's motion for sale of the property of the co-owner pursuant to § 363(h) but this issue was not appealed by either party.

Because these two interpretations lead to different conclusions about the nature of Glass's interest before Combs' death, this case will be remanded to the bankruptcy judge for his factual determination of whether Susan Combs intended in May 1983 to transfer a *present* ownership interest to Glass. Because it will be in both the transferor and transferee's interest to claim that Combs did not intend in 1983 to transfer a present interest, the bankruptcy court should carefully examine all circumstances bearing on the intent question.

Accordingly, it is hereby ORDERED that this case is remanded for a factual finding on whether Susan Combs intended in May 1983 to transfer a present ownership interest to Glass.