# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

00-6098EM

---

| | |
|---|---|
| In re: Josephine L. Abernathy | * |
| | * |
| Debtor. | * |
| | * |
| Josephine L. Abernathy, | * |
| | *  Appeal from the |
| Debtor - Appellant, | *  United States Bankruptcy Court |
| | *  for the Eastern District of Missouri |
| v. | * |
| | * |
| John V. LaBarge, Jr., | * |
| | * |
| Trustee - Appellee | * |

---

Submitted: February 6, 2001
Filed: March 8, 2001

---

Before, KOGER, Chief Judge, WILLIAM A. HILL and SCOTT, Bankruptcy Judges

---

KOGER, Chief Judge

The debtor, Josephine L. Abernathy, appeals from the Bankruptcy Court's ruling that she was only entitled to claim one-third of the homestead exemption provided under Missouri law because she was one of three joint tenant owners of the real estate in which she claimed the homestead. For the reasons that follow, we reverse.

## Factual Background

Ms. Abernathy, a single person, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 2, 2000. She claimed an $8,000 homestead exemption under Mo. Rev. Stat. § 513.475.1 in real property that she co-owns as joint tenants with her two sisters. The Chapter 7 Trustee filed an objection to the homestead exemption, conceding that Ms. Abernathy had a right to claim a homestead exemption in the property, but asserting that since she was one of three joint tenants in the property, she was entitled to claim only one-third of the $8,000 exemption allowed under Missouri statute. The Bankruptcy Court sustained the Trustee's objection and entered an Order reducing Ms. Abernathy's homestead exemption to $2,667.67. Ms. Abernathy appeals.

## Standard of Review

Because this appeal involves no factual dispute, and the sole question is whether the Bankruptcy Court erred as a matter of law by limiting Ms. Abernathy's homestead exemption to her proportional interest in the real estate, our review is *de novo*. See Handeen v. LeMaire (In re LeMaire), 898 F.2d 1346, 1349 (8th Cir. 1990).

## Discussion

The parties do not dispute that Ms. Abernathy's one-third interest in the real estate became property of her estate when she filed her bankruptcy petition. See 11 U.S.C. § 541(a)(1);[1] Winters v. George Mason Bank, 94 F.3d 130, 134 (4th Cir. 1996) ("Most courts find that the debtor's interest in property jointly held by a nondebtor becomes property of the estate upon the filing of the bankruptcy petition, but that the nondebtor's interest is not property of the estate."); In re Reed, 940 F.2d 1317, 1323 (9th Cir. 1991) (holding that the bankruptcy estate had an interest in one-half of the net proceeds of the sale of joint tenancy property, less debtor's California homestead exemption); Garner v. Strauss (In re Garner), 952 F.2d 232, 234 (8th Cir. 1991) ("Section 541(a)(1) 'is certainly broad enough to include an individual debtor's interest in property held as a tenant by the entirety.'") (quoting Napotnik v. Equibank & Parkvale Sav. Ass'n., 679 F.2d 316, 318 (3rd Cir. 1982)); Rimmel v. Fey (In re Fey), 91 B.R. 524, 525 (Bankr. E.D. Mo. 1988) (holding that the debtor's one-half interest in stock certificates held as joint tenants with her spouse was property of estate). According to Ms. Abernathy's Schedule A, the real estate has a value

---

[1] Section 541(a)(1) provides that the debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

of $30,000 - $35,000, so her present one-third interest in the property has a value of $10,000 - $11,700. See Rubin v. Glass (In re Glass), 92 B.R. 880, 881-82 (Bankr. W.D. Mo. 1988) (holding that state law determines what property becomes property of the estate as of the date of the filing of the bankruptcy; under Missouri law, the interests of joint tenants are presumed to be equal and, absent proof by a party claiming the interests of joint tenants are unequal, the presumption of equal ownership will prevail).

The sole issue presented here is the extent to which Ms. Abernathy may claim an exemption in her interest in that property. As permitted by 11 U.S.C. § 522(b)(2)(A), Missouri has chosen to opt out of the exemption scheme provided under the Bankruptcy Code. See Mo. Rev. Stat. § 513.427. Debtors domiciled in Missouri may exempt from property of the estate any property that is exempt from attachment and execution under Missouri state law or under any federal law except the Bankruptcy Code. Id. Missouri's homestead exemption provides, in pertinent part:

> 1. The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of eight thousand dollars, which is or shall be used by such person as a homestead, shall, together with the rents, issues and products thereof, be exempt from attachment and execution. The exemption allowed under this section shall not be allowed for more than one owner of any homestead if one owner claims the entire amount allowed under this subsection; but, if more than one owner of any homestead claims an exemption under this section, the exemption allowed to each of such owners shall not exceed in the aggregate, the total exemption allowed under this subsection as to any one homestead.

Mo. Rev. Stat. § 513.475.1.

Under the plain language of this statute, if the property is owned by more than one owner, a single owner can claim the entire homestead amount. See Van Der Heide v. LaBarge (In re Van Der Heide), 164 F.3d 1183, 1186 (8th Cir. 1999) (stating that in Missouri, a co-tenant is authorized to claim the full homestead exemption); Lashley v. Fuhrer (In re Lashley), 206 B.R. 950, 953 (Bankr. E.D. Mo. 1997) ("If the property is owned by more than one owner, a single owner can claim the entire amount."); Gorman v. Hale, 82 S.W. 1110, 1111 (Mo. Ct. App. 1904) (holding that a homestead may be claimed in lands held in joint tenancy). The only limit to this is that if more than one owner claims an exemption in the same homestead, their total claimed exemptions cannot exceed $8,000 in the aggregate. See In re Smith, 254 B.R. 751, 753-54 (Bankr. W.D. Mo. 2000) ("[D]ebtors in Missouri are bound by the express language of the Missouri homestead statute, and that statute allows only one joint owner to claim the entire amount

3

of the homestead exemption."); In re Riebow, 114 B.R. 656, 657 (Bankr. E.D. Mo. 1990) (holding that § 513.475 "permits a homestead exemption in the amount of $8,000.00 per homestead, and provides that if more than one owner of the homestead claims the exemption, the total exemptions shall not exceed in the aggregate the total amount of $8,000.00."); see also In re Galvin, 158 B.R. 806, 807 (Bankr. W.D. Mo. 1993) (Missouri homestead laws are to construed with great liberality); Hallauer v. Lackey. 188 S.W.2d 30, 33 (Mo. 1945) (same); Regan V. Ensley, 222 S.W. 773, 774 (Mo. 1920) (same).

Since the record in this case reveals no suggestion that one of the other joint tenants has claimed or is claiming an exemption in this property, under the plain meaning of the statute, Ms. Abernathy is entitled under Missouri law to claim the entire homestead exemption. Nevertheless, the Trustee asserts, in effect, that the Eighth Circuit's decision in In re Van Der Heide creates an exception to the statutory language in the bankruptcy context. Because the Bankruptcy Court reduced Ms. Abernathy's homestead exemption to one-third of the $8,000 allowed under the statute, the Bankruptcy Court appears to have agreed with the Trustee.[2]

In In re Van Der Heide, Gerard Van Der Heide and his wife owned a residence as tenants by the entirety in Missouri. He filed a petition under Chapter 13 of the Bankruptcy Code; his wife did not join him in the filing. At the time of the filing, Van Der Heide and his wife owed general unsecured creditors approximately $23,180. Van Der Heide proposed to pay the creditors $2,858 in his Chapter 13 plan. The trustee objected to confirmation of the plan, asserting that it did not satisfy the best interests of creditors test pursuant to § 1325(a)(4). Specifically, the parties agreed that after deducting transactional costs, the residence would yield $24,495 in a hypothetical Chapter 7 liquidation, but they disagreed as to how those proceeds should be distributed. Van Der Heide contended that only one-half of the proceeds, or $12,247.50, would be subject to the bankruptcy estate because his wife had an indivisible interest in the residence under Missouri law. Of this amount, Van Der Heide claimed $9,900 in exemptions, leaving $2,347.50 for the creditors. Because his proposed plan payments exceeded the value of the entireties property available to the creditors, Van Der Heide asserted that he had satisfied § 1325(a)(4). The trustee disagreed, arguing that $14,595 ($24,495 less exemptions of $9,900) should be distributed to the joint creditors.

---

[2] The Bankruptcy Court's Order sustains the Trustee's objection to Ms. Abernathy's exemption but does not make specific findings of fact or conclusions of law.

4

The Eighth Circuit ruled that pursuant to its previous decision in Garner v. Strauss (In re Garner), 952 F.2d 232 (8th Cir. 1991), only one-half of the hypothetical sale proceeds, less exemptions, were subject to distribution to the joint creditors through the bankruptcy estate. Van Der Heide, 164 F.3d at 1184-85. The other half belonged to the non-filing spouse. According to the Eighth Circuit:

> An interest of the debtor in property held as a tenant by the entirety at the commencement of the case is exempt under bankruptcy law to the extent that it is exempt from process under applicable nonbankruptcy law. See 11 U.S.C. § 522(b)(2)(B). The applicable nonbankruptcy law in this case is Missouri property and exemption law. In Missouri, entireties property is not subject to the claims of the creditors of only one of the tenants, but is subject to such claims by creditors of joint debtors. See Garner, 952 F.2d at 234-35. Missouri's homestead exemption law provides that the homestead of every person, not to exceed $8,000, is exempt from attachment and execution. See Mo. Rev. Stat. § 513.475(1) (1994). If the property is owned by more than one owner, a single owner can claim the entire amount. See id.

> Because a residence is incapable of partition and because Van Der Heide's wife is jointly responsible for the debt, the trustee may liquidate the residence. See Garner, 952 F.2d at 234; 11 U.S.C. § 363(h); see also Sumy v. Schlossberg (In re Sumy), 777 F.2d 921, 932 (4th Cir. 1985) ("[T]o the extent the debtor and the nonfiling spouse are indebted jointly, property owned as a tenant by the entireties may not be exempted from an individual debtor's bankruptcy estate. . . ."). In the event of such a sale, the trustee would distribute the net proceeds to the estate and Van Der Heide's wife according to their respective interests. See 11 U.S.C. § 363(j). Our decision in Garner defines those rights.

> \* \* \*

> Balancing the notion that the bankruptcy estate is composed of all legal and equitable interests of the debtor in property at the time of the petition, see 11 U.S.C. § 541(a)(1), and the fact that under Missouri law tenants by the entirety own indivisible interests in entireties property, see Ronollo v. Jacobs, 775 S.W.2d 121, 123 (Mo. 1989) (en banc), we ordered that one-half of the entireties property be returned to the wife, reasoning that doing so did not insulate her from whatever recourse her creditors might have against her.

In re Van Der Heide, 164 F.3d at 1184-85.

In other words, in the interest of balancing bankruptcy principles with the Missouri statutes, Garner had, in effect, created an exception to the Missouri entireties law in the bankruptcy context by ordering that the nonfiling spouse's share of entireties property be returned to her before payment of joint creditors. The

5

Eighth Circuit reasoned in Garner that joint creditors could then pursue her separately. See In re Garner, 952 F.2d at 236. In its Van Der Heide decision, however, the Eighth Circuit determined that a straightforward application of Garner to the facts of the Van Der Heide case led to an impermissible result.

The Eighth Circuit explained in Van Der Heide that its Garner decision (ordering that the non-filing spouse's one-half share of the entireties property be returned to her) had been intended to create a shield "to protect a nonfiling spouse's interest in entireties property from joint creditors." In re Van Der Heide, 164 F.3d at 1186. However, the Eighth Circuit determined that Gerard Van Der Heide's proposed plan in his case was an attempt to use Garner as a sword because it attempted to take advantage of the preferential holding in Garner (i.e., the shield protecting the nonfiling spouse from Missouri entireties law which would otherwise have required that the joint creditors be paid from the entireties property before she received any proceeds therefrom) and the full homestead exemption provided by Missouri statute, as well as the benefits of the bankruptcy discharge.

> In this case, rather than an equitable distribution of an already liquidated asset, we have a hypothetical sale of entireties property that is not subject to partition. If we were to apply Garner to the facts of this case, after exemptions, Van Der Heide would be able to discharge his share of the $23,180 joint debt by paying $2,858. We noted in Garner that, once the husband was discharged, the creditors could then proceed against his wife. See 952 F.2d at 236. Similarly, once Van Der Heide is discharged, the creditors may proceed against his wife. Assuming the residence to be the only asset in this case, however, Van Der Heide and his wife would no longer be joint debtors. The creditors could then pursue an action against Van Der Heide's wife but could not reach the residence because, under state law, creditors cannot reach entireties property when the spouses are not joint debtors. A similar result would occur in the event Van Der Heide's wife files for bankruptcy.

In re Van Der Heide, 164 F.3d at 1186 (footnotes omitted). Concerned with this treatment of the joint creditors in bankruptcy following Garner, the Eighth Circuit concluded that in situations where one spouse files for bankruptcy relief and seeks to use Garner to protect the nonfiling spouse's share of entireties property, and where joint creditors are not going to be paid in full, the debtor-spouse's homestead exemption should be limited to half the full amount, or $4,000. Id.

In the case at bar, the Trustee asserts that the same rationale should apply in the context of joint tenancy homestead property. According to Missouri law:

6

A joint tenancy is based upon the theory that together the joint tenants have a single estate -- they hold by the moiety (or half) and by the whole. To create a joint tenancy there must exist four "unities" -- unity of interest, unity of title, unity of time, and unity of possession. Longacre v. Knowles, [333 S.W.2d 67 (Mo. 1960)]. Alienation of a joint tenant's interest in the joint tenancy destroys the tenancy and converts it into a tenancy in common. Rotert v. Faulkner, 660 S.W.2d 463 (Mo. App. 1983).

A tenancy in common does not contain these four "unities." Each tenant holds an undivided interest in the whole by separate and distinct title, that interest consisting of his share of the tenancy. Goforth v. Ellis, 300 S.W.2d 379 (Mo. 1957). The interest is fully alienable without destroying the tenancy. Bearden v. Hodge, 273 S.W.2d 207 (Mo. banc 1954).

Poetz v. Klamberg, 781 S.W.2d 253, 255 (Mo. Ct. App. 1989). "In short, the interest of the joint tenant is to the whole of the property; that of the tenant in common is to his undivided interest in the property." Id.

At common law a joint tenant may convey his interest, making that interest subject to execution. Mangus v. Miller, 317 U.S. 178, 183, 63 S. Ct. 182, 184-85, 87 L.Ed. 169 (1942). Joint tenancy is based on the theory that the tenants share one undivided estate, with the distinctive characteristic of the right of survivorship. Upon the death of any one of the joint tenants, the entire estate goes to the survivors, and so on to the last survivor, who attains sole ownership and exclusive possession. In re Gerling's Estate, 303 S.W.2d 915, 917 (Mo. 1957); In re Estate of King, 572 S.W2d 200, 211 (Mo. App. 1978). A joint tenancy can be destroyed by conveyance or partition by one or more of the joint tenants during the lifetime of the cotenants. In re Estate of King, supra, at 211. A conveyance by a cotenant destroys the unity of title and converts the joint tenancy into a tenancy in common insofar as the interest of the particular joint tenant is concerned. W. Eckhardt and P. Peterson, Possessory Estates, Future Interests and Conveyances in Missouri, 23 V.A.M.S. 1, 37 (1952). Partition, whether voluntary or involuntary, converts the joint tenancy into ownership in severalty. Id.; see also Estate of Osterloh v. Carpenter, 337 S.W.2d 942, 946, n.1 (Mo. 1960).

Remax of Blue Springs v. Vajda & Co., Inc., 708 S.W.2d 804, 806 (Mo. Ct. App. 1986). Since a joint tenant is able to convey an interest or sue for partition, the interest as a judgment debtor is not beyond the reach of execution. Id. (citing Eneberg v. Carter, 98 Mo. 647, 648, 12 S.W. 522, 523 (1889)). Such an execution on a joint tenant's interest severs the joint tenancy and converts it into a tenancy in common as to the other remaining tenants' interests. Id.

This is in contrast to entireties property: although entireties property possesses the four "unities" like a joint tenancy, a tenancy by the entirety can be terminated or severed only by mutual action of the husband and wife, and individual creditors may not execute against entireties property. See In re Brown, 234 B.R. 907, 912-13 (Bankr. W.D. Mo. 1999) ("Tenancy by the entirety is distinguishable from joint tenancy by one singular characteristic. The tenancy cannot be destroyed involuntarily by an individual creditor. And one spouse cannot destroy the entirety without the express consent of the other spouse."); Ronollo v. Jacobs, 775 S.W.2d 121, 123 (Mo. banc 1990); see also In re Garner, 952 F.2d at 234-35.

The Trustee asserts that the principles utilized by the Eighth Circuit in Van Der Heide should also be applied in the joint tenancy context because, according to the Trustee, some of the same equitable concerns are present here. Particularly, the Trustee points out that, although Missouri law provides that a single joint tenant can claim the entire $8,000 homestead exemption, there is nothing to prevent one of the other joint tenants from later claiming a homestead exemption in this same property and that this is contrary to the language of the statute which provides that the exemption in any one homestead may not exceed $8,000 in the aggregate. While we recognize the potential problems raised by the Trustee, we reject his argument for several reasons.

Primarily, we reject the Trustee's position because, since Missouri opted out of the Bankruptcy Code's exemption scheme, we are required to apply the Missouri exemption statutes in bankruptcy cases. See 11 U.S.C. § 522(b)(2). "Policy considerations and equitable concerns . . . are impermissible bases for statutory interpretation when . . . the language of the statute is clear and unambiguous." In re Hen House Interstate, Inc., 177 F.3d 719, 723 (8th Cir. 1999), aff'd 530 U.S. 1, 120 S. Ct. 1942, 147 L.Ed.2d 1 (2000).

> When the language of a statute is unambiguous and conveys a plain and definite meaning, the courts have no business foraging among . . . rules [of construction] to look for or impose another meaning. When statutes are [w]ithout ambiguity, courts should regard laws as meaning what they say; the General Assembly is presumed to have intended exactly what it states directly and unambiguously. Appellate courts must be guided by what the legislature said, not by what courts think it meant to say.

State ex rel. Watts v. Hanna, 868 S.W.2d 549, 551 (Mo. Ct. App. 1994) (citations and internal quotemarks omitted). As we earlier noted, since neither of Ms. Abernathy's sisters are claiming an exemption in the residence, the plain language of the statute permits the debtor to claim an $8,000 homestead exemption in her share of that property. Under normal circumstances, our analysis would end

8

there. As the Trustee suggests, however, we are also bound by Eighth Circuit precedent and the <u>Van Der Heide</u> decision does create an exception to § 513.475 under certain particular circumstances in the bankruptcy context. Nevertheless, while we are bound by <u>Van Der Heide</u>, we conclude that that decision is limited to cases in which one spouse files for bankruptcy relief and seeks to use <u>Garner</u> to protect the non-filing spouse's share of entireties property from joint creditors. It is, therefore, distinguishable from the case before us now.

As discussed above, the <u>Van Der Heide</u> Court was compelled to deviate from the plain language of section 513.475 because it determined that Gerard Van Der Heide was taking undue advantage of that statutory provision in the bankruptcy context, particularly in combination with the <u>Garner</u> precedent. Because we conclude <u>Garner</u> is limited to cases involving entireties property, and, thus does not apply in the joint tenancy context, we likewise conclude that <u>Van Der Heide</u>, which sought to correct an injustice caused by the straightforward application of <u>Garner</u> to the facts of that case, is likewise limited to cases involving entireties property.

The distinction between entireties and joint tenancies is significant. With entireties property, the whole of the property comes into the estate. <u>Garner</u> effectively removed the non-filing spouse's share from distribution through the estate by ordering that her share be returned to her in a liquidation situation. <u>Van Der Heide</u> held likewise in the Chapter 13 hypothetical liquidation situation. As <u>Van Der Heide</u> recognized, however, this result acts to the detriment of the joint creditors because the entireties property would retain its character as entireties property and the joint creditors who are transformed into individual creditors of the non-filing spouse would not be able to execute against that property. Consequently, <u>Van Der Heide</u> attempted to remedy, or equalize to some extent, that detriment to the joint creditors caused by <u>Garner</u>'s attempt to protect the non-filing spouse. With joint tenancy property, only the debtor's share of the property comes into the estate in the first place; the non-debtor's share is never at risk in the debtor's bankruptcy case and so there is no need (such as in <u>Garner</u>) to protect the non-filing joint tenants' interests. If there were joint creditors in a bankruptcy case involving a joint tenancy, then, in contrast to the entireties situation, there would be no prohibition against such creditors executing against the other joint tenants' interests in that property; thus, such creditors have not been adversely affected by the debtor-tenant's bankruptcy as to the ability to collect from the other tenant's interest in the property.

9

We also reject the Trustee's assertion that Ms. Abernathy should only be entitled to claim one-third of the homestead exemption because of the possibility that one of the other joint tenants might later claim a homestead exemption in the same property. We note that at oral argument, a number of additional hypothetical scenarios were raised pertaining to potential problems that might arise with the treatment of an individual debtor's exemption in joint tenancy property.[3] Since neither the Trustee's concern that one of the other joint tenants will later claim an exemption in this property, nor any of the other hypothetical scenarios, are before us, we do not answer them now. Rather, the unambiguous language of the statute must be applied to the facts, leaving the answers to those hypothetical issues to a later date. If, at a later date, the application of the unambiguous language of the statute results in an unintended consequence, that will be for the Missouri legislature to correct. The fact that this situation arises in bankruptcy does not change this result.

---

[3] For example, if we permit Ms. Abernathy the entire $8,000 exemption now, what would happen if one of her co-tenant sisters filed bankruptcy a year from now. Would the sister be entitled to claim a homestead exemption in that property? What if the sister filed her bankruptcy petition twenty years (or even fifty years) from now. Would she be entitled to claim a homestead exemption then? If not, and if Ms. Abernathy is given the entire $8,000, does that create a race to the courthouse to be the first tenant to claim the homestead exemption? How would creditors of joint tenants monitor whether other joint tenants have already claimed a homestead exemption in the same property?

What if we were to limit Ms. Abernathy's homestead to her one-third share (as the Bankruptcy Court did in this case) and her sisters both predecease her without ever claiming a homestead exemption in that property. Wouldn't that unfairly deprive the debtor of two-thirds of a homestead exemption to which she would have been entitled but for timing? What if, although Ms. Abernathy's sisters co-own the property with her as joint tenants, neither of them live there and would not be able to claim a homestead exemption in that property in the first place?

Finally, is it possible that § 513.475 is intended to be a "snapshot in time," meaning that combined exemptions *at any one time* may not exceed $8,000 in the aggregate and that there would be no prohibition at all against this joint tenant or any of the other joint tenant from claiming a homestead exemption in the future? What happens if Ms. Abernathy receives her bankruptcy discharge and files a new bankruptcy petition seven years from now? Would she be prohibited from then claiming a homestead exemption in the same property?

<u>Conclusion</u>

In sum, we conclude that since neither of Ms. Abernathy's joint tenants is claiming an exemption in the same homestead property, the clear language of the Missouri homestead exemption statute entitles her to a full $8,000 homestead exemption. <u>Van Der Heide</u> is, as we have noted, limited to cases involving entireties property and its holding, reducing the homestead exemption in those cases, is inapplicable here. For that reason, the decision of the Bankruptcy Court reducing Ms. Abernathy's homestead exemption to her proportional interest in the real estate is reversed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
EIGHTH CIRCUIT.