# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 217

In re: Michael Lee Anderson,                                          Debtor

----------

Michael Lee Anderson,                                                Plaintiff

    v.

Kip M. Kaler, Bankruptcy Trustee,                                  Defendant

No. 20180424

Certified question from the United States Bankruptcy Court for the District of North Dakota, the Honorable Shon Hastings, Bankruptcy Judge.

CERTIFIED QUESTION ANSWERED.

Opinion of the Court by Crothers, Justice.

Alan Sorensen, Winona, MN, (argued) and Sara E. Diaz, Fargo, ND (appeared), for debtor and plaintiff.

Patrick J. Sinner (argued) and Kip M. Kaler (on brief), Fargo, ND, for defendant.

**Crothers, Justice.**

[¶1]    The United States Bankruptcy Court for the District of North Dakota asks whether a married debtor is entitled to an exemption up to $100,000 for his undivided one-half interest in homestead property jointly owned with a nondebtor.  We answer the certified question "yes."

I

A

[¶2]    The parties stipulated to the Bankruptcy Court's factual summary:

> "Debtor Michael Lee Anderson petitioned for bankruptcy relief on June 19, 2018.  On the same day, he filed a schedule of exempt assets, claiming an $81,600 exemption in the following described real property under sections 28-22-02(7), 47-18-01 and 28-22-02(10) of the North Dakota Century Code:
>> Lot 10, Block 2 of Meidinger Second Addition to the City of Jamestown, County of Stutsman, State of North Dakota. The street address of this property is 1626 16th Street Southwest, Jamestown, North Dakota.
>
> Debtor and his nondebtor spouse reside at the real property described above and claim it as their homestead.  They own the property as joint tenants.
>
> "On September 13, 2018, the Bankruptcy Trustee filed an objection to the homestead exemption [the] Debtor claimed.  He asserts that Debtor improperly deducted the $100,000 homestead exemption from Debtor's one-half interest in the property.  He argues that Debtor must deduct the $100,000 homestead exemption from the full value of the property less secured liens, resulting in $63,200 in equity.  The Trustee claims: 'Half that amount, or $31,600, would remain as property of the debtor's wife and the balance would be nonexempt property of the bankruptcy estate.'  Debtor filed a response arguing that his $81,600 homestead exemption claim is proper.
>
> "The Bankruptcy Trustee and Debtor agree that the value of the real property is $167,200.  The parties also agree that the real property

is subject to USDA Rural Development's secured claim totaling $4,000."

[¶3] Under Rule 47, N.D.R.App.P., the United States Bankruptcy Court for the District of North Dakota certified to this Court the following question:

> "To determine what part of a North Dakota debtor's jointly owned homestead is exempt, does the correct application of sections 28-22-02(7), 47-18-01 and 28-22-02(10) of the North Dakota Century Code permit the debtor to divide the equity in the homestead (full value less secured liens) equally with his nondebtor spouse and then apply the entire $100,000 homestead exemption to the debtor's one-half equity interest (as opposed to subtracting the entire $100,000 exemption from the equity in the property and then dividing the remaining equity between debtor and his or her nondebtor spouse)?"

B

[¶4] We may answer certified questions of law when: "(1) questions of law of this state are involved in any proceeding before the certifying court which may be determinative of the proceeding; (2) it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state." N.D.R.App.P. 47(a). This Court's authority to answer a properly certified question is discretionary. *See* N.D.R.App.P. 47(a) (explanatory note).


II

[¶5] The debtor argues the homestead exemption is properly administered when the property equity is divided among the property owners, and the $100,000 exemption is applied to the debtor's share of the equity. The trustee claims the exemption must be applied to the full value of the property and the remaining amount split between the property owners.

[¶6] Section 541(a)(1) of the Bankruptcy Code provides the bankruptcy estate established at the commencement of the case to include "all legal or equitable interests of the debtor in property. . . ." 11 U.S.C. § 541(a)(1). A trustee stands in the shoes of the debtor and takes no greater rights than the debtor as of the filing date of the bankruptcy. *In re Chernushin*, 584 B.R. 567, 572 (D. Colo. 2018). The

Bankruptcy Code allows debtors to exempt specific property from the estate, excluding it from the property available to satisfy debts. *In re Benn*, 491 F.3d 811, 813 (8th Cir. 2007). Section 522(b)(2) authorizes states to opt-out of the federal bankruptcy exemptions and provide state exemptions. 11 U.S.C. § 522(b). North Dakota chose to enact property exemptions under this section's authority, limiting its residents to state exemptions rather than federal.

[¶7] North Dakota's homestead provision places designated homestead property out of the reach of creditors while it is occupied as a home, or as otherwise stated, to secure a debtor's essential shelter from creditors. N.D.C.C. § 47-18-01; *Farstveet v. Rudolph*, 2000 ND 189, ¶ 11, 630 N.W.2d 24. Courts afford exemption statutes a liberal interpretation. *In re Murphy*, 292 B.R. 403, 407 (Bankr.D.N.D. 2003). However, the right to claim exemptions under the homestead statute is not without limits. *Farstveet*, at ¶ 11. "Most courts find that the debtor's interest in property jointly held by a nondebtor becomes property of the estate upon filing of the bankruptcy petition, but that the nondebtor's interest is not property of the estate." *In re Abernathy*, 259 B.R. 330, 332 (B.A.P. 8th Cir. 2001).

[¶8] Under Chapter 28-22, N.D.C.C., certain property is exempt from attachment, prejudgment, or other mesne process, and from levy and sale upon execution and any other final court process. N.D.C.C. § 28-22-01. The homestead as created, defined, and limited by law is absolutely exempt from all process, levy, or sale. N.D.C.C. § 28-22-02(7). The homestead exemption is defined, in relevant part:

> "The homestead of any individual, whether married or unmarried, residing in this state consists of the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, with all its appurtenances, and all other improvements on the land, the total not to exceed one hundred thousand dollars in value, over and above liens or encumbrances or both. The homestead shall be exempt from judgment lien and from execution or forced sale, except as otherwise provided in this chapter."

N.D.C.C. § 47-18-01.

[¶9]   The debtor's one-half interest in the Jamestown real estate became the property of the estate when he filed the bankruptcy petition.  The nondebtor spouse retained the remaining one-half interest in the property outside of the bankruptcy estate.  To allow the trustee access to the entire value of the real estate before the exemption would effectively bring the nondebtor spouse's property into the estate, diminish the nondebtor spouse's interest, and would be contrary to the law directing liberal interpretation of exemptions.

[¶10]   A bankruptcy court applying Missouri law ruled on this issue in *Abernathy*, where a trustee objected to a debtor's claim of homestead exemption in property which she owned in joint tenancy with her two sisters.  The court held the debtor was entitled to claim the full amount of the homestead exemption because no other joint tenant claimed an exemption in the property and the debtor was not trying to protect the nondebtors' interest from joint creditors.  *In re Abernathy*, 259 B.R. 330, 338 (B.A.P. 8th Cir. 2001).   In Montana a debtor may claim the entire homestead exemption on the undivided half interest in the property if a married debtor's creditor moves against his undivided interest in the homestead property held in joint tenancy. *Neel v. First Fed. Sav. and Loan Ass'n*, 675 P.2d 96, 106 (Mont. 1984).

[¶11]   The trustee here correctly notes the Missouri statute in *Abernathy* includes language allowing each owner a homestead claim not to exceed the total exemption amount.  M.S.A. § 513.475(1).  While N.D.C.C. § 47-18-01 does not explicitly address whether a joint tenant can use the maximum exemption for an undivided interest, no language in our statutes prohibit such an interpretation.  Nor is the result foreclosed by the trustee's argument that only a "head of a family" may claim a homestead exemption.   Section 28-22-02, N.D.C.C., exempts the homestead as created, defined, and limited by law.  While Chapter 28-22 uses the phrase "head of a family" throughout, the homestead exemption is established in N.D.C.C. § 47-18-01. The definition of the homestead exemption was amended in 1979 to remove references to the head of a family, and the legislature no longer considers the

4

homestead a "family" right. Since the 1979 amendments, single individuals possess the right to a homestead the same as married persons, and the trustee's reliance on cases utilizing a family right to homestead before the 1979 amendments emphasizes a vintage concept of law that barred all but the heads of families from claiming a homestead exemption.

[¶12] Additionally, the trustee's proposed application of the debtor's exemption would result in a "marriage penalty." If a creditor forced the sale of property owned by two unmarried individuals, the debtor would be entitled to the full exemption. *See McKechnie v. Berg*, 2003 ND 136, ¶ 10, 667 N.W.2d 628 ("The law on partition of property . . . controls the distribution of property accumulated by unmarried partners and cohabitants."). California addressed this situation by explaining that a marriage penalty occurs by limiting the exemption for married individuals when a different result would occur if the property owners were not married and an execution sale occurred. *Schoenfeld v. Norberg*, 90 Cal. Rptr. 47, 52 (Ct. App. 1970). We agree with California that "no basis exists for affording the creditor a stronger hand as against property held in cotenancy with the claimant's spouse than as against property in which the cotenant is not married to the claimant." *Id*. at 53.

[¶13] The trustee relies on a Vermont case where a married couple filed separate petitions for bankruptcy and each attempted to claim the homestead exemption. *D'Avignon v. Palmisano*, 34 B.R. 796 (D. Vt. 1982). The case at bar is easily distinguished because only one spouse filed for bankruptcy, and no evidence suggests the nondebtor spouse is planning a bankruptcy claim. While the current language of the North Dakota statute may allow a homestead exemption by the nondebtor spouse in a future bankruptcy, unintended consequences are for the legislature to correct, and equitable concerns for situations that have yet to occur are not permissible bases for this Court's statutory interpretation. *See In re Abernathy*, 259 B.R. 330, 338 (B.A.P. 8th Cir. 2001) ("If, at a later date, the application of the unambiguous language of the statute results in an unintended consequence, that will be for the

5

Missouri legislature to correct. The fact that this situation arises in bankruptcy does not change this result.").

III

[¶14] The debtor is entitled to an exemption up to $100,000 for his undivided one-half interest in the jointly held homestead property. We answer the certified question "yes."

[¶15]   Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Lisa Fair McEvers
        Gerald W. VandeWalle, C.J.